UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL JESSIE BARNES,            )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    Case No. 4:10CV619 FRB
                                  )
WELLS FARGO & CO., et. al.,       )
                                  )
        Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion To Dismiss, filed by defendants Wells Fargo & Company ("Wells Fargo & Co.") and Marc C. Oman (Docket No. 11/filed May 13, 2010), and on the Motion To Dismiss filed by defendants Howard Atkins and John Stumpf (Docket No. 20/filed June 1, 2010). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

On or about November 1, 2004, plaintiff Michael Jessie Barnes ("plaintiff") and his wife executed a promissory note (also "the Note")[1] in favor of Netbank in the principal amount of $128,100.00, which Netbank subsequently endorsed to Wells Fargo

---

[1] "The court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record." McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002)).

-1-

Bank, N.A.[2] (Docket No. 25).  Plaintiff filed his pro se Complaint in this Court on April 13, 2010, asking this Court to discharge the mortgage on the property indicated on the Note, 6853 Fox Bend Court, and to also "remove false credit reporting."  (Plaintiff's Complaint, Docket No. 1 at 4).  For his statement of his claim, plaintiff wrote as follows:

> Defendant led me to believe they were loaning me money to buy my house.  The defendant organization stamped back of my note after my signature thereby claiming my security as their own deriving equitable benefits from my fraudulently obtained note.  Then proceeded to collect on a voided contract under guise of a "loan" given from their assets.

(Id. at 3).

Plaintiff attached a brief to his Complaint, in which he listed numerous federal statutes and state causes of action as evidence that he does not actually owe the debt on his mortgage.  Therein, plaintiff argues that his is a case of "predatory lending and fraud" (Docket No. 1 at 7), and that Wells Fargo & Co. is not the holder of a note on his property.  Plaintiff alleges that he issued bonds to the defendants "as an asset exchange" in which he is listed as the issuer of the bond, (Id. at 9), and that the defendants converted or materially altered the bond into a note for a mortgage, thus committing various forms of fraud and violating

---

[2]Defendant Wells Fargo & Co. explains that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., a national banking association.  Wells Fargo Bank, N.A. is owned by WFC Holding Corporation.  Wells Fargo & Co., a publicly traded company, is the parent company of WFC Holding Corporation.  Defendant Wells Fargo & Co. is not a national bank subject to National Bank Act, but Wells Fargo Bank, N.A., is.

several other laws, including the National Bank Act, the Fair Debt Collection Practices Act, and 42 U.S.C. § 1983.

**II. Discussion**

When ruling on a motion to dismiss, this Court must consider the allegations in the complaint in the light most favorable to the plaintiff, and must accept the allegations in the complaint as true. Bohan v. Honeywell Intern., Inc., 366 F.3d 606, 608 (8th Cir. 2004); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 556).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009) (while this Court must accept all factual allegations as true, this Court is not bound to accept as true legal conclusions that are presented as factual allegations). Finally, although pro

se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

   A.   Failure To State A Claim For Relief

In the "Affidavit Of Facts In Support Of Claimants Claims & Real Defenses" portion of his Complaint, plaintiff alleges that he "turned over a bond [to an unspecified party] as an asset exchange," and "this bond was then exchanged with other instruments from the United States Department of Treasury." (Docket No. 1 at 9). Plaintiff maintains that Wells Fargo & Co., through its agent John Stumpf, violated various federal and state laws by materially altering the bond with the intent of defrauding plaintiff. (Id.) In his Complaint, plaintiff also contends that he "had no idea this transaction was being processed as a loan," and also claims that there was no consideration for the contract in the amount of $128,100.00, "the original amount of the bond of collateral held by the issuer Michael Jessie Barnes." (Id. at 10).

In each of the pending Motions, defendants argue that plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted. While plaintiff filed responses to both of the Motions, such responses did not substantively address the issues or arguments presented by defendants as bases for dismissal in either of the Motions to Dismiss and accompanying memoranda. Upon consideration, the

undersigned determines that with the allegations in his Complaint, plaintiff fails to state a cognizable claim for relief. Specifically, the Court finds that the Note confirms that plaintiff obtained a $128,100.00 loan, and promised to repay the amount, plus interest, to the lender. The Note also specifies that plaintiff is to pay $757.67 on the first of each month, beginning on December 1, 2004. In addition, as quoted above, elsewhere in his Complaint, plaintiff admitted that he believed that defendants were loaning him money to buy his house, (Id. at 3), the house in which he alleges he currently resides. (Docket No. 1 at 2). This portion of defendants' Motions must therefore be granted.

B. Vapor Money Theory

In his Complaint, plaintiff appears to argue that he does not owe the money due on his loan because it was not backed by actual money. Specifically, plaintiff alleges that he "turned over a bond as an asset exchange," and that "this bond was then exchanged with other instruments from the United States Department of Treasury." (Id. at 9). Plaintiff also alleges that defendants materially altered the bond in an attempt to defraud him; that there was no consideration for the contract in the amount of $128,100.00; that "Wells Fargo & Co. cannot, loan the capital stock of their directors, nor can they loan the money of their depositors." (Id. at 10).

As defendants note, these vague allegations appear to allege the "vapor money" theory as a ground for recovery. As this Court recently noted, in granting a Motion to Dismiss in a case in

which this very plaintiff filed a Complaint nearly identical to the one at bar, the typical vapor money claim is one in which the plaintiff "alleges that the promissory note he executed is the equivalent of 'money' that he gave to the bank. He contends that [the lender] took his 'money,' i.e., the promissory note, deposited it into its own account without his permission, listed it as an 'asset' on its ledger entries, and then essentially lent his own money back to him.... He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void ab initio, and Defendants' attempts to foreclose on the mortgage are therefore unlawful." Michael J. Barnes v. Citigroup Inc., et al., 2010 WL 255708, *2 (E.D.Mo. June 15, 2010) (quoting Demmler v. Bank One NA, 2006 WL 640499 at *3 (S.D.Ohio March 9, 2006)). As this Court went on to note, the vapor money claim and similar arguments have been rejected by federal courts around the country. Barnes, 2010 WL 255708, *2 (collecting cases). Thus, the vapor money theory is an invalid route to recovery, and plaintiff's claims based upon it should be dismissed.

    C.    42 U.S.C. § 1983

In his Complaint, plaintiff writes that he is alleging a cause of action under 42 U.S.C. § 1983. In both of the instant Motions, defendants argue that such claims should be dismissed because plaintiff fails to allege any violations of rights secured by the Constitution, and because he does not allege state action or that defendants acted under color of state law. The undersigned agrees.

Purusant to Eighth Circuit precedent, "to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)).  Considering the second element first, the undersigned notes that plaintiff fails to allege that any of his Constitutional rights were violated.  While plaintiff does refer generally to the National Bank Act, these allegations do not implicate federally protected rights.  Regarding the first element, plaintiff's Complaint contains no allegation that any defendant was a state actor, or that any defendant acted under the color of state law.  While plaintiff does allege that Wells Fargo & Co. is a national bank chartered under the National Bank Act, plaintiff fails to allege any facts from which it would be plausible to conclude that defendants were acting under color of state law.  A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555 (citation omitted).  Plaintiff has failed to raise his right to relief above the speculative level.  In light of these pleading deficiencies, plaintiff's 42 U.S.C. § 1983 claim must be dismissed.

D. National Bank Act

Plaintiff's Complaint also appears to allege that

defendants violated the National Bank Act in several respects, although the factual nature of his claims is unclear. The undersigned initially notes that plaintiff names as defendants "Wells Fargo & Co. et al.," and also names individuals employed thereby, and alleges that Wells Fargo & Co. is subject to the National Bank Act. (Docket No. 1 at 1, 8). As defendant Wells Fargo & Co. notes, it is not a national bank subject to the National Bank Act; Wells Fargo Bank, N.A. (which plaintiff does not specifically name in his Complaint) is. Nevertheless, assuming for the sake of argument that plaintiff's Complaint does name an entity subject to the National Bank Act, to the extent plaintiff's Complaint can be interpreted to allege violations of such Act, such claims should be dismissed.

Relevant to some of plaintiff's allegations is 12 U.S.C. § 83, which provides that "[n]o national bank shall make any loan or discount on the security of the shares of its own capital stock." This statute does not support plaintiff's conclusion that defendants are guilty of any wrongdoing, however, because his loan was secured by the property located at 6853 Fox Bend Court, as indicated on the Note and listed in plaintiff's Complaint as his residence.

Plaintiff also states "according to the National Bank Act Bank, WELLS FARGO & CO. cannot enter into mortgage agreements for real estate beyond a 5 year period." (Docket No. 1 at 10). Even assuming that Wells Fargo & Co. is subject to the National Bank Act, plaintiff's suggestion is not supported by applicable law. As

-8-

Wells Fargo & Co. notes, 12 U.S.C. § 371 expressly authorizes national banks to engage in real estate lending, and provides, in relevant part: "Any national banking association may make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate, subject to section 1828o of this title and such restrictions and requirements as the Comptroller of the Currency may prescribe by regulation or order."  12 U.S.C. § 371(a).  Section 1828o does not contain a time limitation.  While 12 U.S.C. § 29 does prohibit a national banking association from holding "the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a longer period than five years," this provision is inapplicable to plaintiff's Complaint because plaintiff does not allege, nor does it appear from the record, that any defendant ever possessed the property that is referenced in the Note and in plaintiff's Complaint.

  E. Fair Debt Collection Practices Act

  Plaintiff's Complaint references the Fair Debt Collection Practices Act ("FDCPA"), which is found at 15 U.S.C. §§ 1692 et seq.  "The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage.  15 U.S.C. § 1692(e)."  Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (quoting Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)).  As this Court noted in the aforementioned case involving this plaintiff, under the FDCPA, a "debt collector" is one who

-9-

regularly collects or attempts to collect debts that are owed, or that are asserted to be owed, to another, and the term "debt collector" does not refer to one who engages in activity to collect any such debt that was not in default at the time it was obtained by such person. Barnes, 2010 WL 2557508 at *3 (citing 15 U.S.C. § 1692a(6), 1692 a(6)(F)). As this Court concluded in Barnes, there is no evidence in the case at bar that plaintiff's loan was in default at the time it was acquired by Wells Fargo Bank, N.A. Therefore, neither that association, nor any defendant named in plaintiff's Complaint, can be said to be a "debt collector" for purposes of the FDCPA. In addition, plaintiff's Complaint contains no factual allegations that he suffered abusive collection practices. See Quinn, 470 F.3d at 1246 (upholding district court's dismissal of complaint for failure to state a claim because, inter alia, plaintiffs failed to allege that they suffered abusive collection practices.) Plaintiff's Complaint therefore fails to contain sufficient factual allegations to state a claim for relief that is plausible on its face, and his claims for FDCPA violations must be dismissed.

  F. Fraud

  Plaintiff's Complaint also states that defendants committed various forms of fraud, including securities fraud. As this Court previously noted, remedies for securities fraud are limited to the purchasers or sellers of securities. Barnes, 2010 WL 2557508, *4 (citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 735-36 (1975)). In his Complaint, plaintiff alternately

alleges that defendants "led [plaintiff] to believe they were loaning me money to buy my house" (Docket No. 1 at 3), and also that he issued a bond to defendants which defendants subsequently converted into a loan and demanded payment. Plaintiff also states that defendants engaged in "fraud" and "fraud in the factum," inasmuch as "[t]he bond somehow has been converted into a note without agreement or authorization from Michael Jessie Barnes." (Docket No. 1 at 10). Having reviewed plaintiff's Complaint and construed all facts in his favor, the undersigned determines that plaintiff has failed to state a claim for any type of fraud.

Rule 9(b) of the Federal Rules of Civil Procedure provides that allegations of fraud must be stated with particularity. Claims for fraudulent conduct in the sale and purchase of securities require "(1) a material misrepresentation or omission, (2) scienter, i.e., a wrongful state of mind, (3) a connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation." McAdams, 584 F.3d at 1113 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005)). Plaintiff's Complaint must "state 'with particularity' facts giving rise to a 'strong inference' that the defendant acted with the scienter required for the cause of action." McAdams, 584 F.3d at 1113 (quoting Florida State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 654 (8th Cir. 2001)).

In the case at bar, having reviewed plaintiff's Complaint and construed it in his favor, the undersigned concludes that plaintiff has failed to plead any form of fraud with sufficient

particularity.  Plaintiff pleads no factual content that would allow this Court to reasonably infer that any defendant is liable for fraud.  Plaintiff has also failed to plead securities fraud, inasmuch as he has failed to state with particularity facts giving rise to a "strong inference" that any named defendant "acted with the scienter required for the cause of action," Id., or really any facts at all that would allow the undersigned to reasonably infer that any defendant is liable for securities fraud.  Plaintiff's claims of fraud therefore lack facial plausibility.  See Ashcroft, 129 S.Ct. at 1949 (citing Bell Atlantic Corp., 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Plaintiff's Complaint merely states legal conclusions that are couched as factual assertions.  As discussed above, this is inadequate to state a claim for relief.  While this Court recognizes that it must accept all facts as true, this Court is not bound to accept as true legal conclusions that are presented as factual allegations. McAdams, 584 F.3d at 1113.

In addition, plaintiff's allegations that he was defrauded appear less than genuine.  Plaintiff initially states that "[d]efendant led me to believe they were loaning me money to buy my house" (Docket No. 1 at 3), but later states that he "had no idea this transaction was being processed as a loan." (Id. at 10).

While plaintiff filed responses to the instant Motions, those responses did not address the bases for dismissal asserted by

-12-

defendants, but merely re-stated the same legal conclusions from his Complaint and stated that discovery is necessary to support his claims.  However, "[d]iscovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981).

Because this Court is dismissing the only federal claim[s] in this action, it would decline to exercise supplemental jurisdiction over any remaining state law claims even if they had been adequately plead.  Barnes, 2010 WL 2557508 at *4, n.4 (citation omitted).

Therefore, for all of the foregoing reasons, the undersigned determines that both of the instant Motions should be granted, and that plaintiff's Complaint should be dismissed with prejudice.  Leave to amend would clearly be futile in this case. See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (citing Moses.com Sec., Inc., v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (futility of the amendment is a compelling reason to deny leave to amend.))

Accordingly,

**IT IS HEREBY ORDERED** that the Motion To Dismiss, filed by defendants Wells Fargo & Co. and Marc C. Oman (Docket No. 11) is granted.

**IT IS FURTHER ORDERED** that the Motion To Dismiss filed by defendants Howard Atkins and John Stumpf (Docket No. 20) is

granted.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2010.